Mamo Pittoni, J.
The plaintiffs move for summary judgement against defendant Anania, the owner of the motor vehicle, and defendant Santini, the operator.
The plaintiffs state that they went into the vestibule entrance of a King Kullen Super Market to make certain purchases when the defendants’ automobile, traveling backwards, entered the vestibule and knocked down and injured the plaintiffs.
The examinations before trial, upon which the plaintiffs rely, show that Santini had been the operator of the vehicle some time prior to the accident and that Anania had been seated *720 beside Mm with a package in his lap. Both defendants say that Santini parked the car, set the hand brake, got out of the car and went into a store. After Santini came out he saw the car moving backwards. He does not remember whether he left the engine running or whether he took the keys out of the car. However, Anania states that after Santini left the car he tried to lift the package in his lap, to put it on the back seat, and then all of a sudden the car began to move.
If Santini was negligent, then Anania can be held liable under section 59 of the Vehicle and Traffic Law. If Santini was not negligent, but Anania negligently caused the car to move, only defendant Anania could be held liable.
The plaintiffs do not establish that the car was moving with the engine running and in reverse gear. This appears unlikely; the car had a standard shift, and when Santini left the car, if it were in reverse, it would either have stalled or have started backing immediately, and not after the driver returned from the store. If the engine was running and the car was in neutral it could not move unless it was put in reverse, and this could not be done without the depressing of the clutch and shifting gears. There is nothing to show that either defendant Santini or defendant Anania did this. If the car was in neutral, whether the engine was running or not, it could roll if the hand brake was released and the car was on an incline. But there is no proof as to topography and slope offered on behalf of the plaintiffs.
This court cannot guess, speculate or determine what made the car move. This must be determined at the trial with more complete proof.
The motion by the plaintiffs for summary judgment against the defendants Anania and Santini is denied.
Order signed.